# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| **IN RE: JERRY MICHAEL HOLLANDER, JR. AND SHEILA STORY HOLLANDER** | **CIVIL ACTION**<br><br>**NO. 13-6665**<br><br>**SECTION: "E" (5)** |

## ORDER AND REASONS

Robert and Rhonda Sigillito (the "Sigillitos") appeal the bankruptcy court's memorandum opinion and judgment dismissing their fraud claim against Michael and Sheila Hollander (the "Hollanders").[1] The question presented is whether the Hollanders committed fraud by failing to disclose the full extent of prior flooring and other moisture-related problems in a property disclosure statement. The bankruptcy court answered this question in the negative despite an earlier finding that a redhibition judgment against the Hollanders was non-dischargeable in bankruptcy. For the following reasons, the Court REVERSES, RENDERS, and REMANDS for an award of attorneys' fees.

## BACKGROUND

This case has a long and tortured history, summarized aptly in previous opinions.[2] For purposes of this appeal, only a brief summary is necessary. The bankruptcy court held a trial on the merits in 2004 and entered a non-dischargeable money judgment in redhibition against the Hollanders and in favor of the Sigillitos.[3] The bankruptcy court did not address the Sigillitos' fraud claim. Several rounds of

---

[1] Bankruptcy Court No. 04-ap-1193, Docs. 169, 170.
[2] *See* No. 04-ap-1103, Docs. 103, 129, 132, 145 148, 150, 166, and 169.
[3] *See* No. 04-ap-1103, Docs. 104, 114.

1

appeals followed, one of which directed the bankruptcy court to rule on the fraud claim.[4] The bankruptcy court eventually entered the judgment now on appeal, holding that the Sigillitos failed to prove contractual fraud by a preponderance of the evidence.[5]

## STANDARD OF REVIEW

A party aggrieved by a bankruptcy court's ruling may appeal to the district court.[6] The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*.[7] A factual finding is clearly erroneous when the district court is left with the "definite and firm conviction, in light of the entire record, that a mistake has been made."[8] The district court may correct a factual finding predicated on an erroneous interpretation of law.[9]

## APPLICABLE LAW

This appeal requires review of the bankruptcy court's findings with respect to non-dischargeability and fraud. A debt is non-dischargeable in bankruptcy if obtained by "false pretenses, a false representation, or actual fraud."[10] In order to establish non-dischargeability, a creditor must prove the following five elements by a preponderance of the evidence: (1) the debtor made a representation; (2) the debtor knew the representation was false; (3) the representation was made with the intent to deceive the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor sustained a loss as a proximate result of the representation.[11]

---

[4] *See* No. 04-ap-1103, Doc. 129.
[5] No. 04-ap-1103, Doc. 170.
[6] *See* 28 U.S.C. § 158(a).
[7] *In re Green Hills Dev. Co.*, 741 F.3d 651, 654 (5th Cir. 2014); *see also* Fed. R. Bankr. P. 8013.
[8] *In re MBS Mgmt. Servs., Inc.*, 690 F.3d 352, 354 (5th Cir. 2012).
[9] *See In re Coston*, 991 F.2d 257, 261 (5th Cir. 1993).
[10] 11 U.S.C. § 523(a)(2)(A). The statute recognizes one exception to this rule, which is inapplicable to the instant case.
[11] *In re Quinlivan*, 434 F.3d 314, 317 (5th Cir. 2005).

The elements of contractual fraud are similar. Under Louisiana law, a contract is formed by consent of the parties.[12] That consent, however, may be vitiated by fraud.[13] "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."[14] Fraud is not actionable unless it "concern[s] a circumstance that . . . substantially influenced" a party's consent to the contract.[15] A claim of contractual fraud is thus comprised of three elements: (1) a misrepresentation, suppression, or omission of true information; (2) intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) an error induced by the fraudulent act that substantially influenced the victim's consent to the contract.[16] Fraud must be proved by a preponderance of the evidence and may be established by circumstantial evidence.[17]

## DISCUSSION

In order to remedy the flooring problems in their home, the Hollanders (1) removed the insulation under the subfloor, (2) replaced all damaged floor joists, subflooring, and the finished flooring, (3) placed ventilation fans in the crawlspace, (4) tacked visqueen on the ground, and (5) cut an additional opening in the apron surrounding the foundation of the home and in the chain wall. The property disclosure statement provided to the Sigillitos, however, only stated that the Hollanders

---

[12] La. Civ. Code art. 1927.
[13] La. Civ. Code art. 1948.
[14] La. Civ. Code art. 1953.
[15] La. Civ. Code art. 1955.
[16] *See Shelton v. Standard/700 Assocs.*, 798 So. 2d 60, 64 (La. 2001); *Petrohawk Props., L.P. v. Chestapeake La., L.P.*, 689 F.3d 380, 388 (5th Cir. 2012).
[17] La. Civ. Code art. 1957.

"[r]eplaced glued down Brazilian cherry flooring with nailed down flooring through first story."[18]

After finding the Hollanders liable in redhibition, the bankruptcy court addressed whether the damage award would be non-dischargeable in bankruptcy. The court framed (and answered) the relevant inquiry as follows:

> [W]as the Hollanders' failure to disclose designed to deceive?
> The Court concludes yes. The Hollanders [sic] failure to disclose the extent of the alterations to their home was designed to avoid any chill on a potential sale. The court believes that the Hollanders were concerned that any disclosure of the extent of the prior flooring problem would scare off potential buyers . . . . A disclosure might have resulted in additional particularized investigation and perhaps remedial repairs that would have avoided further damage . . . . [T]he Sigillitos would have investigated further had they known of the replaced subfloor and joists and would have either chosen not to buy the house or to have the Hollanders remedy the defect prior to sale.[19]

This Court has reviewed in detail the evidence presented to the bankruptcy court. The court's finding that the Hollanders intended to deceive the Sigillitos is amply supported by the evidence adduced at trial.

Despite this finding of scienter, the bankruptcy court concluded in its latest opinion—issued almost five years after its original opinion—that the Sigillitos failed to prove their fraud claim against the Hollanders by a preponderance of the evidence. Specifically, the bankruptcy court found that the Hollanders did not intend to gain an unjust advantage over the Sigillitos. This finding directly conflicts with the bankruptcy

---

[18] No. 04-ap-1193, Doc. 103 at p. 17.
[19] *Id.* at p. 20—21.

court's previous finding that the incomplete disclosure statement was designed to deceive and is therefore clearly erroneous.[20]

In order to sidestep these conflicting findings, the bankruptcy court attempts to recharacterize its holding on non-dischargeability in the disjunctive. The bankruptcy court now states that non-dischargeability was based on a finding that the Hollanders "had intentionally *or with reckless disregard* failed to disclose prior repairs or alterations to their home."[21] Other than in the boilerplate recitation of the elements of non-dischargeability, the phrase "reckless disregard" does not appear anywhere in the bankruptcy court's original opinion.[22] Nor is any other similar phrase present in the findings on non-dischargeability. Rather, the bankruptcy court found the Sigillitos' redhibition claim non-dischargeable because the Hollanders' incomplete disclosure statement was "designed to deceive." This finding is clearly supported by the record and, under the circumstances of this case, is sufficient to prove that the Hollanders misrepresented the facts with the intent to obtain an unjust advantage over the Sigillitos.[23] Accordingly, the bankruptcy court's finding that the Sigillitos failed to prove their fraud claim by a preponderance of the evidence is reversed.

Having found liability, the Court must now assess the damages to which the Sigillitos are entitled. The Sigillitos seek damages under Louisiana Civil Code Article 1958, which provides as follows: "The party against whom rescission is granted because

---

[20] *See In re Sentinel Mgmt. Grp., Inc.*, 728 F.3d 660, 670 (7th Cir. 2013); *John Allan Co. v. Craig Allen Co., L.L.C.*, 540 F.3d 1133, 1139 (10th Cir. 2008); *cf. United States v. Martinez*, 87 F.3d 731, 734 (5th Cir. 1996).
[21] No. 04-ap-1193, Doc. 169 at p. 2 (emphasis added); *see also id.* at p. 4 ("This Court has previously found that their omission was purposeful *or at best with reckless disregard*.") (emphasis added).
[22] In certain circumstances, the Fifth Circuit has indicated that scienter may be inferred from a "reckless disregard for the truth." *See In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005).
[23] The Court need not decide whether in all cases, as a matter of law, a finding of non-dischargeability necessitates a finding of contractual fraud under Louisiana law.

5

of fraud is liable for damages and attorneys' fees."[24]  On appeal, the Sigillitos take issue with the "mimimal damage award" provided by the bankruptcy court "that reflected only some of the actual damages they incurred."[25]  The Sigillitos further complain that the damage award failed to adequately account for the expense of future repairs.[26]

Any complaint regarding quantum should have been raised before the bankruptcy court or during the first round of appeals.  The Sigillitos elected not to appeal the $28,424.43 damage award to the Fifth Circuit.[27]  That award cannot be collaterally attacked on a subsequent appeal.[28]  This rule promotes judicial economy "by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals."[29]

Even though the Sigillitos cannot revisit the bankruptcy court's damage award in redhibition, the Court must still determine whether they are entitled to additional damages.  General damages may be recovered for contractual fraud under Article

---

[24] La. Civ. Code at. 1958.  In a recent opinion, the Louisiana Supreme Court held that damages are recoverable under Article 1958 even if the sale is not rescinded.  *See generally Stutts v. Melton*, 130 So. 3d 808 (La. 2013).  The plaintiffs in *Stutts* asserted a fraud claim again the sellers of a home for failure to disclose a known defect in the roof.  *Id.* at 810—11.  The Louisiana Supreme Court affirmed the trial court's finding of contractual fraud and then addressed damages under Article 1958.  *Id.* at 814.  Even though the plaintiffs did not pray for rescission in their petition, the Court  held that the sellers were liable for attorneys' fees.  *Id.* at 814—16.  Unlike the plaintiffs in *Stutts*, the Sigillitos sought rescission.  If the purchaser of a home who prevails in a fraud claim but does not seek rescission is entitled to attorneys' fees under Article 1958, it follows *a fortiori* that a purchaser who does seek rescission may recover attorneys' fees as well.  Accordingly, the Sigillitos are entitled to the remedies provided in Article 1958.
[25] Appellant's Br. at 21.
[26] *See id.*
[27] *See In re Hollander*, 438 F. App'x 274, 278 n.1 (5th Cir. 2011).
[28] *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 607 (5th Cir. 2004) ("[A] party cannot raise an issue on appeal that could have been raised in an earlier appeal in the same case."); *United States v. Castillo*, 179 F.3d 321, 326 (5th Cr. 1999) ("The waiver doctrine bars consideration of an issue that a party could have raised in an earlier appeal in the case."); *Nw. Ind. Tel. co., Inc. v. F.C.C.*, 872 F.2d 465, 470 (D.C. Cir. 1989) ("[I]t is elementary that where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.").
[29] *Med. Ctr. Pharm. v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011).

1958.³⁰ The Sigillitos, however, did not pray for general damages in their adversary complaint or state-court petition. Moreover, the Sigillitos did not present any evidence at trial of general damages. In fact, counsel for the Sigillitos explicitly disclaimed any prayer for mental anguish.³¹

Although the Sigillitos cannot recover any further compensatory damages, Article 1958 explicitly provides for attorneys' fees.³² The Court must now address the proper commencement date for the accrual of both attorneys' fees and legal interest thereon. As to the former, when a party is wrongfully denied attorneys' fees at the trial court level, that party may recover reasonable attorneys' fees until judgment is rendered in his or her favor.³³ Accordingly, the Sigillitos are entitled to attorneys' fees from the date of judicial demand until a money judgment reflecting the amounts owed is entered. The parties are remanded to the bankruptcy court for a determination of quantum.

The final issue for decision is the proper commencement date for the accrual of interest on attorneys' fees under Louisiana law. The Court finds the Louisiana Supreme Court's decision in *Alexander v. Burroughs Corp.* instructive.³⁴ After affirming the appellate court's finding of bad faith redhibition, the *Alexander* Court awarded

---

³⁰ *See Montet v. Lyles*, 638 So. 2d 727, 731—32 (La. Ct. App. 1st Cir. 1994) (affirming district court's award of general damages in fraud case); *Simon v. Fasig-Tipton Co.*, 652 So. 2d 1351, 1374 (La. Ct. App. 3d Cir. 1995).
³¹ Transcript of Trial at p. 157, No. 04-ap-1193, Doc. 90.
³² *See* La. Civ. Code art. 1958.
³³ *Cf. Stone Ins., Inc. v. Beyer-Beeson Ins. Agency*, 45 So. 2d 1125 (La. Ct. App. 5th Cir. 2010) (awarding attorneys' fees for prosecution of suit and appeal where prevailing party was contractually entitled to attorneys' fees.). Although the contract in *Stone* specifically provided for attorneys' fees on appeal, the Court finds it would be inequitable to freeze the Sigillitos' attorneys' fees award at the moment the bankruptcy court entered its original final judgment. The Sigillitos have continued to accrue legal expenses for costs that should have been awarded at the conclusion of trial over five years ago. *See Capital City Press v. Bd. of Supervisors of* LSU, 822 So. 2d 728, 732 (La. Ct. App. 1st Cir. 2002) ("An award for attorneys' fees for work done on appeal is warranted when the appeal has necessitated additional work on the attorneys' part.") This Court will not punish the Sigillitos for the lower court's repeated failure to make the appropriate findings on remand.
³⁴ 359 So. 2d 607 (La. 1978).

attorneys' fees under Article 2545.[35] The Court held that legal interest on attorneys' fees begins to run on the date of award.[36]

Although attorneys' fees in this case are imposed under Article 1958, not Article 2545, the operative language in both articles with respect to attorneys' fees is similar.[37] Furthermore, on the issue of attorneys' fees, the Louisiana Supreme Court has indicated that Article 1958 and Article 2545 should be read *in pari materia*.[38] Accordingly, the Court finds the holding in *Alexander* equally applicable to this case and instructs the bankruptcy court on remand to award legal interest from the date of judgment.

## CONCLUSION

This adversary proceeding has been pending for over ten years. Multiple remands and appeals have taxed the resources of the judiciary, counsel for the parties, and the parties themselves. In reversing and rendering in favor the Sigillitos, the Court hopes to finally conclude a litigation that should have ended years ago.

For the reasons previously stated, the bankruptcy court's memorandum opinion and judgment are reversed. The Court will enter judgment against the Hollanders and in favor the Sigillitos for contractual fraud. This matter is remanded to the bankruptcy court solely for the purpose of determining attorneys' fees. Quantum is to be calculated from the date of judicial demand until the bankruptcy court enters final judgment. Legal interest shall accrue from the date of the bankruptcy court's final judgment.

---

[35] *See id.* at 613—14.
[36] *Id.* at 614. *See also Sharbono v. Steve Lang & Son Loggers*, 696 So. 2d 1382, 1388 (La. 1997) ("Attorneys' fees . . . are due . . . only on the date of judgment") (internal quotation marks omitted).
[37] *Compare* La. Civ. Code art. 1958 ("The party against whom rescission is granted because of fraud *is liable for damages and attorney fees.*") (emphasis added), *with* La. Civ. Code art. 2545 ("A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, *is liable . . . for damages and reasonable attorney fees.*") (emphasis added).
[38] *See Stutts*, 130 So. 3d at 815.

**New Orleans, Louisiana, this 28th day of September, 2014.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**